

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable M. S. Munson, Jr.
County Attorney, Wharton County
Wharton, Texas

Dear Mr. Munson:

Opinion No. 0-5948
Re: "(1) What agency has au-
thority to force entry onto
private lands to survey and
explore for river Levee Con-
struction?

"(2) What legal set up is
necessary for Wharton County
to purchase rights-of-way,
alter bridges, pay damages
and maintain such levee when
erected?"

We have received your recent request for an opinion and quote same as follows:

"United States Army Engineers are now engaged in making a survey of the Colorado River through Matagorda, Wharton and Colorado Counties, for the purpose of eventually building levees along this river to control the flood waters of the stream, and in so doing they have met with opposition from at least one landowner in this county, who refuses to allow them to enter his land for this purpose. A short while ago these Engineers appeared before the Commissioners Court of this County, and requested that the County force a right of way through this property for the purpose of this survey. The levee is to be constructed by the Federal Government, as authorized under an act of Congress, but the neces- sary land, rights-of-way, damages, and maintenances will have to be furnished by some local agency as yet undetermined.

"The Commissioners Court requested from me, as County Attorney, an opinion as to whether or not the Court had authority to force a landowner to grant the desired permission, and I advised them that in my opinion it did not, as I was unable to find any statute authorizing the Court to pass or enforce any order of this character. The only other way, I see that it could be done by the County, would be by means of condemnation suit, which would require the expenditure of funds of the county, for which I can find no authorization in law.

"The Commissioners Court has requested that I ask you the following questions in connection with the matter:

"'(1) What agency has authority to force entry onto private lands to survey and explore for river Levee Construction?

"'(2) What legal set up is necessary for Wharton County to purchase rights of way, alter bridges, pay damages, and maintain such levee when erected?'

"In connection with the first question, the only statutory authority which I have been able to find is contained in Art. 7973, of the Revised Statutes, which gives to the State Reclamation Engineer authority to make an order authorizing an engineer to enter upon private property in connection with levee Districts. It is possible that this procedure could be used by the Army Engineers. Also in connection with this first question you are advised that a Conservation and Reclamation District composed of Wharton County was created in 1924, and bonds issued for the purpose of 'opening the Colorado River, the construction of a new channel therefor where necessary, the building of levees, drainage canals, and other improvements where necessary, and the maintenance thereof,'. This District

is still in existence and has unexpended funds on hand, and would probably be in a position to condemn a right of way through property for this purpose, providing its commissioners saw fit to do so.

"In connection with the second question, I do not believe that Wharton County could undertake to do this work out of any of its regular funds in view of the terms of Sec. 59 of Article 16 of our State Constitution, and the opinion of the Supreme Court in Harris County Flood Control District vs. Mann, Attorney General, 140 S. W. (2d) 1098. It appears to me that the only way the County could undertake the project would be to vote bonds under the terms of Chapter Six, Art. 803-822 of the Revised Statutes.
* * **

We will restrict the scope of your questions to the "agencies" and "legal set-ups," specifically mentioned in your letter, as, for the sake of brevity and for the purposes of this opinion, we consider no broader research necessary.

We have carefully considered the Harris County Flood Control District v. Mann case referred to by you, and we agree with your contention that the regular county funds of Wharton County could not be used to do the things about which you inquire.

However, as pointed out by you, Chapter 6 of Title 22, Vernon's Annotated Civil Statutes, (Arts. 803-822) provides for the issuance of bonds by a county operating under the provisions of such chapter for the purpose, among others, of owning and constructing levees and acquiring the necessary rights-of-way by purchase or by condemnation. This chapter applies to any county that may have been relieved from the payment of taxes for a term of years by Act of the Legislature under and by virtue of the provisions of Section 10, Article 8 of the State Constitution.

Wharton County together with a part of Matagorda County, was so relieved from such payment of taxes for a period of twenty-five years by the creation within such counties of Conservation and Reclamation Districts, and the timely voting of bond issues, under the provisions of an Act passed by the 38th Legislature at its Second Called Session, the said Act

being Chapter 48, pages 102, 103, 104 and 105, General Laws of the State of Texas, passed by the 38th Legislature, at its First, Second and Third Called Sessions.

The next above mentioned Act so releasing such taxes became effective as a law ninety days after the adjournment of the Second Called Session of the 38th Legislature on the 15th day of May, A. D. 1923.

Senate Bill No. 267, Chapter 128, General Laws of Texas, passed at the Regular Session of the 38th Legislature, which is carried in Vernon's Annotated Civil Statutes as Articles 803-822, became effective as a law ninety days after the adjournment of the Regular Session of such Legislature on the 14th day of March, A. D. 1923.

Therefore, at the time said Articles 803-822, Vernon's Annotated Civil Statutes, became effective, Wharton County had not yet been relieved from the payment of its taxes, and did not come within the terms of the retrospective provisions of said Article 822, which made said Articles 803-822 applicable only to such counties as may have been relieved from the payment of taxes, etc.

In view of the above, Wharton County does not come within the terms of Chapter 6, Title 22, Vernon's Annotated Civil Statutes.

We find that the Wharton County Conservation and Reclamation District No. 1, composed of Wharton County, was formed and created under the authority of H. B. No. 28, Chap. 25 of the General Laws of the Fourth Called Session of the 35th Leg., 1918, pages 40-43. In 1925, the 39th Legislature enacted H. B. No. 372, Chap. 21 (pp. 50-81, Gen. Laws of Texas, 39th Leg., 1925) which provided in Sec. 68 (Art. 8040, V.A.C.S.) as follows:

"This Act is intended to take place of all such Statutes repealed hereby. All levee improvement districts that have been organized under the provisions of Chapters 25 or 44, of the General Laws of the Fourth Called Session of the Thirty-fifth Legislature, or that have availed themselves of the provisions of such Chapters, shall be governed by the provisions of this Act, and the plan of taxation therein provided for shall not be affected or changed by this Act; provided, however, that any such districts which have not completed any improvements begun under the provisions of any former law shall be governed in the issuance of bonds and the completion of such improvements by the provisions of the Act or Acts under which they were created; * * *"
(Underscoring ours)

Thereby Articles 7972-8042, Vernon's Annotated Civil Statutes, were made to apply to such district to the extent shown above.

Honorable M. S. Munson, Jr., page 5

Article 7981, Vernon's Annotated Civil Statutes, in part, provides as follows:

"The right of eminent domain is hereby expressly conferred upon all districts to enable them to acquire the fee simple title, easement or right-of-way to, over, and through any and all lands, water, or lands under water, private or public (except land and property used for cemetery purposes), within, bordering upon, adjacent or opposite to such districts, necessary for making, constructing and maintaining all levees and other improvements for the improvement of a river or rivers, creek or creeks, or streams within or bordering upon such district to prevent overflows thereof. * * *" (Underscoring ours)

Article 7982, Vernon's Annotated Civil Statutes, provides, as follows:

"The district supervisors of any district are hereby empowered to acquire the necessary right of way for all levees and other necessary improvements contemplated by this Act, by gift, or condemnation proceedings; and they may by the same methods acquire any levee or other improvements already constructed." (Underscoring ours)

Article 7983, Vernon's Annotated Civil Statutes, provides as follows:

"The supervisors of any district and the engineer and employes thereof are hereby authorized to go upon any lands lying within or adjacent to said district for the purpose of examining same with reference to the location of levees, drainage ditches and all other kinds of improvements to be constructed for or within such district, and for any other lawful purpose connected with their plan of reclamation, whether herein enumerated or not." (Underscoring ours)

Article 7986, Vernon's Annotated Civil Statutes, provides as follows:

"Levee improvement districts shall have authority to act jointly with each other, with cities and towns and other political subdivisions of the State, with other states, and with the Government of the United States in the performance of any of the things permitted by this Act; such joint acts to be done upon such terms as may be agreed upon by their supervisors, subject to the approval of the State Reclamation Engineer."   (Underscoring ours)

On page 5 of your enclosure entitled "Letter from the Secretary of War, transmitting a letter from the Chief of Engineers, United States Army, etc.," the following is shown over the name of J. L. Schley, Major General, Chief of Engineers:

"I recommend construction of levees and related works for the protection of the towns of LaGrange and Columbus and of a continuous levee system on each side of the channel below Eagle Lake, including a channel cut-off at the town of Wharton, substantially as outlined in the report of the district engineer, at an estimated first cost to the United State of $6,500,000; subject to the conditions that responsible local interests give assurances satisfactory to the Secretary of War that they will provide, without cost to the United States, all lands, easements, and rights-of-way necessary for the construction of the projects, bear the expense of required alteration to existing bridges, hold and save the United States free from claims for damages due to the construction work, and maintain and operate all the works after completion; including the two new bridges across the cut-off at Wharton, in accordance with regulation prescribed by the Secretary of War." (Underscoring ours)

we assume that the above proposal or recommendation forms the basis of the problem presented to the commissioners' court of your county by the United states Army Engineers, as outlined in your query. These conditions, if insisted upon by the United States Government, complicate your questions to such a degree that they cannot be answered specifically and categorically by this department without complete and explicit information as to each step contemplated by the "responsible local interests," or agency concerned, and the United States Government.

we do say that said Wharton County Conservation and Reclamation District No. 1, itself, through its named officers and employees as authorized by Article 7483, supra, can force entry onto private lands to survey and explore for river levee construction, but it cannot delegate this authority to the United States Army Engineers or anyone else not named in said article.

we further advise that said District is fully qualified and empowered to acquire the necessary lands, easements and rights-of-way, for all levees and other necessary improvements, as contemplated by Articles 7981 and 7982, supra, and the said District may act jointly with the Government of the United states in making, constructing and maintaining such levees and other improvements. However, in this respect, we point out that Article 7986, supra, does not authorize the United States Government to do any of the things permitted and authorized by law to the said District, but merely permits the District to act jointly with said Government upon such terms as may be agreed upon by their (District) supervisors, subject to the approval of the State Reclamation Engineer (this approval could only be obtained now from the Commissioner of the General Land Office, as the Office of State Reclamation Engineer was abolished by the 46th Legislature, Acts 1939, p. 704, Art. 5421h-1, Vernon's Annotated Civil Statutes).

we also point out that said Article 7986, supra, is not broad enough in its meaning to include indemnifying said Government for claims for damages due to the construction work.

we herewith return to you the enclosures received with your communication.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore

Robert L. Lattimore, Jr.

RLL:EP

Incl.